**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| BRADLEY R. NITZ and ) | |
| LINDSAY A. SCHILD, ) | |
|     Plaintiffs, ) | |
| ) | |
| and ) | |
| ) | |
| NORMAN R. AYRES, ) | |
|     Movant, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:13-CV-379-RL-PRC |
| ) | |
| DANIEL LEE, in his individual capacity, ) | |
| MICHAEL BRAZIL, in his individual ) | |
| capacity, STEVE MEECE, in his individual ) | |
| capacity, STANKO GLIGIC, in his ) | |
| individual capacity, and CITY OF ) | |
| CROWN POINT, INDIANA, ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on Norman R. Ayres' Motion to Intervene [DE 35], filed on May 2, 2015.

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 18, 2013, Plaintiffs Bradley R. Nitz and Lindsay A. Schild filed a Complaint, alleging that Defendants Daniel Lee, Michael Brazil, Steven Meece, Stanko Gligic, and the City of Crown Point, Indiana ("Crown Point") violated their Fourth Amendment rights when police officers Lee, Brazil, Meece, and Gligic shot and killed Plaintiffs' two dogs on July 17, 2013. At the time of the incident, Lee, Brazil, Meece, and Gligic were employed as police officers with the City of Crown Point. Plaintiffs allege that the officers shot Plaintiffs' dogs after the dogs escaped the care of Norman Ayres and attacked the pet cat of Janet Hawn. Since the filing of the Complaint, the Court has granted five motions for extension of time to complete discovery.

On February 26, 2015, the proposed intervenor, Norman A. Ayres, and Plaintiffs filed a document titled "Norman R. Ayres' Motion for Joinder as a Plaintiff and Charles Sprague as Defendant and Plaintiffs' Motion for Leave to File First Amended Complaint." On April 29, 2015, the Court denied the motion as moot after the reply brief clarified that Ayres was seeking to intervene under Federal Rule of Civil Procedure 24.

Subsequently, on May 2, 2015, Ayres filed the instant Motion to Intervene. Defendants filed a response on May 18, 2015, and Ayres filed a reply on May 26, 2015. In his proposed intervenor complaint, Ayres alleges that, on July 17, 2013, Plaintiffs' dogs were being watched by Ayres at Ayres' residence and that the dogs got free from Ayres' backyard. The dogs subsequently attacked Hawn's cat. Ayres alleges that on September 5, 2013, Crown Point filed a two-count civil complaint against him in the Crown Point City Court, seeking the maximum fine of $500 for each violation under a local ordinance for allowing the two dogs to run loose in Crown Point. Ayres alleges that, Chuck Sprague, a civilian employee for the Crown Point Police Department, issued two citations to Ayres. Ayres alleges that Janet Hawn's cat was not leashed and was running loose but that Janet Hawn was not issued a citation for violating the ordinance.

**ANALYSIS**

In the instant motion, Norman Ayres seeks to intervene to assert a claim for a violation of the Equal Protection Clause of the Fourteenth Amendment under a class-of-one theory on the basis that the City of Crown Point ordinance was enforced against him but not against the owner of the cat. Contending that his claim stems from and relates to the same facts as Plaintiffs' claim, Ayres seeks leave to intervene of right pursuant to Federal Rule of Civil Procedure 24(a)(2). Alternatively, Ayres seeks permissive intervention pursuant to Rule 24(b). The Court considers each in turn.

## A. Intervention of Right

Federal Rule of Civil Procedure 24(a)(2) provides that, on a timely motion, a

> court must permit any party to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). The party seeking intervention of right must demonstrate that (1) the motion is timely; (2) he possesses an interest related to the subject matter of the action; (3) disposition of the action threatens to impair that interest; and (4) the parties to the suit fail to adequately represent that interest. *United States v. BDO Seidman*, 337 F.3d 802, 808 (7th Cir. 2003). The failure to meet any one factor requires denial of the motion. *Vollmer v. Publishers Clearing House*, 248 F.3d 698, 705 (7th Cir. 2001).

First, the motion must be timely. The test for timeliness is essentially one of reasonableness. *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995). When determining timeliness under the totality of the circumstances, a court considers "(1) the length of time the intervenor knew or should have known of his or her interest in this case, (2) the prejudice to the original party caused by the delay, (3) the resulting prejudice to the intervenor if the motion is denied, and (4) any unusual circumstances." *Ragsdale v. Turnock*, 941 F.2d 501, 504 (7th Cir. 1991) (quoting *South v. Rowe*, 759 F.2d 610, 612 (7th Cir. 1985)). "Potential intervenors need to be reasonably diligent in learning of a suit that might affect their rights, and upon so learning they need to act reasonably promptly." *Nissei Sangyo Am., Ltd. v. United States*, 31 F.3d 435, 438 (7th Cir. 1994) (citing *United States v. City of Chicago*, 870 F.2d 1256, 1263 (7th Cir. 1989)). While the passage of time is an important factor, it is not the only element in determining timeliness; "rather the most important consideration

in deciding whether a motion for intervention is untimely is whether the delay in moving for intervention will prejudice the existing parties to the case." *Id*. at 439 (quoting 7C Charles Alan Wright, et al., *Federal Practice and Procedure: Civil 2d* § 1916 (1986)) (internal quotation marks omitted).

Defendants argue that Ayres' motion is not timely because he seeks to join the action more than a year and a half after it was initiated. The parties focus on when Ayres became aware that he might have a legal claim based on the citation that was issued to him in Fall 2013. It is not clear when he learned that Hawn was not issued a citation. However, the timeliness factor focuses on when Ayres became aware that *this lawsuit* that might affect his rights. *Id*. at 438. And, it appears that Ayres did not learn of the lawsuit until he became involved in the discovery process in this case.

Regardless, the timing of Ayres' motion to intervene will prejudice the existing parties to this case. The recent, fifth request to extend the discovery deadline was granted for a limited purpose, and Defendants are ready to proceed with briefing dispositive motions. Permitting Ayres to intervene would result in undue delay and prejudice to Defendants, who would need to undertake additional discovery on Ayres' intervenor claims. Additionally, the litigation would be prolonged as Ayres will need to serve the proposed individual defendant, Sprague, with the summons and intervenor complaint and the parties to the intervenor complaint will need to conduct discovery. In contrast, Ayres would not be prejudiced by the denial of the motion, other than the cost of the filing fee, because he can bring a lawsuit in his own right. Thus, the motion is not timely.

Second, the intervenor must demonstrate that he "claims an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). This interest must be a "direct, significant, legally protectable" one. *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d

4

1377, 1380-81 (7th Cir. 1995) (citing *Am. Nat'l Bank v. City of Chicago*, 865 F.2d 144, 146 (7th Cir. 1989)). The movant's interest must be something more than a "betting" interest, *id.* (citing *Reich v. ABC/York Estates Corp.*, 64 F.3d 316 (7th Cir. 1995)), but may be less than a property right, *id.* (*United States v. City of Chicago*, 870 F.2d 1256, 1260 (7th Cir. 1989)). Third, the intervenor must show that he is "so situated that disposing of the action may as a practical matter impair or impede [his] ability to protect [his] interest." Fed. R. Civ. P. 24(a)(2). "Impairment exists when the decision of a legal question . . . would, as a practical matter, foreclose the rights of the proposed intervenor in a subsequent proceeding." *Shea v. Angulo*, 19 F.3d 343, 347 (7th Cir. 1994) (quoting *Meridian Homes Corp. v. Nicholas W. Prassas & Co.*, 683 F.2d 201, 204 (7th Cir. 1982)).

Ayres contends that he has an interest in the action because Crown Point is already named as a defendant and Ayres seeks to bring a § 1983 claim against both Sprague and Crown Point. However, an interest in the action does not exist merely because the defendants are the same; rather, Ayres must identify that he personally has an interest in the matter currently pending. Ayres has not explained how he has an interest in Plaintiffs' § 1983 claim brought under the Fourth Amendment based on the shooting of their dogs; Ayres has not asserted any ownership interest in the dogs. Ayres' proposed § 1983 equal protection claim relates to whether he was treated similarly with respect to Janet Hawn, who Ayres alleges committed a similar ordinance violation but who was not issued a citation. The determination of Ayres' equal protection claim is independent from the determination of Plaintiffs' Fourth Amendment claim. Ayres has failed to establish an interest in this action.

Moreover, Ayres has not identified any legal question in this litigation the disposition of which will affect his ability to bring his equal protection claim against Sprague. This action concerns

5

the reasonableness of the four officers' actions in shooting the dogs. Ayres' proposed intervenor complaint concerns his treatment by Sprague months later regarding the enforcement of a city ordinance; the enforcement of that ordinance is not at issue in the present litigation. Ayres has not attempted to suggest how the resolution of Plaintiffs' claim in this case might adversely affect Ayres' proposed equal protection claim. Thus, Ayres has failed to show that his ability to protect his interests will be impaired or impeded by this litigation. Because Ayres does not have an interest in this litigation that will be impeded if he is not allowed to intervene, the fourth factor of adequate representation of his interest in this litigation is inapplicable.

Ayres has failed to establish the requirements of Rule 24(a)(2), and, therefore, the Court denies the motion to intervene of right.

### B. Permissive Intervention

In the alternative, Ayres seeks the Court's permission to intervene under Federal Rule of Civil Procedure 24(b), which provides that, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The rule also provides that, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see also Vollmer*, 248 F.3d at 707. The decision to allow permissive intervention is wholly within the discretion of the district court. *Sec. Ins. Co. of Hartford*, 69 F.3d at 1381.

Ayres does not contend that his class-of-one equal protection claim shares a common question of law with the Plaintiffs' Fourth Amendment claim. Rather, Ayres argues that the claims share a common question of fact. Yet, he fails to specifically identify any common facts. Plaintiffs'

6

claims are premised on the reasonableness of the officers' actions toward Plaintiffs' dogs, whereas Ayres' equal protection claim is premised on the alleged discriminatory application of an ordinance by Sprague, who was not involved with the shooting, well after the police action was over. Defendants are correct that, although the two claims have some factual commonality in that the two citations Ayres received were for the same two dogs that were shot by the police officers, Ayres has not identified any fact common to both cases that needs to be resolved. Thus, there is no common question of law or fact. In addition, the motion is untimely because of the prejudice to the parties to the current litigation, as discussed in detail in the previous section.

Because the proposed claims do not share a common question of law or fact with the claims in this lawsuit and because the motion is untimely, the Court, in its discretion, denies the motion for permissive intervention.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Norman R. Ayres' Motion to Intervene [DE 35].

SO ORDERED this 11th day of June, 2015.

                                            s/ Paul R. Cherry
                                            MAGISTRATE JUDGE PAUL R. CHERRY
                                            UNITED STATES DISTRICT COURT